# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CHRISTOPHER FREEMAN,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1020** (BOR Appeal No. 2046945)
　　　　　　　　(Claim No. 2011037201)

**FRONTIER COMMUNICATION CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Christopher Freeman, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Frontier Communication Corporation, by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a February 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 18, 2011, decision denying Mr. Freeman's application for workers' compensation benefits for his April 29, 2011, injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Freeman was employed by Frontier Communication Corporation as a cable splicing technician. Mr. Freeman alleges that he sustained an injury to his back on April 29, 2011, in the course of and as a result of his employment. The claims administrator denied Mr. Freeman's application for workers' compensation benefits because there was no medical justification for his disability and he had not been injured in the course and as a result of his employment.

The Office of Judges affirmed the claims administrator's decision and held that a preponderance of the credible evidence failed to establish that Mr. Freeman sustained a

1

compensable injury to his back on April 29, 2011. Mr. Freeman disagrees and asserts that the report of P. Kent Thrush, M.D., clearly establishes that he suffered an injury on April 29, 2011, in the course of and resulting from his employment. Frontier Communication Corporation maintains that the evidence of record does not support the conclusion that a work-related injury occurred on April 29, 2011.

The Office of Judges concluded that Mr. Freeman's credibility is the key concern in this case. The Office of Judges determined that Mr. Freeman appears to have provided three separate explanations for his incident of injury without making any attempt to reconcile the inconsistencies. The Office of Judges further determined that there were no witnesses to the incident of injury and that there was no medical documentation of record confirming that Mr. Freeman's condition is related to his occupation. The Office of Judges noted that Mr. Freeman initially denied under oath any prior workers' compensation claims until he was reminded by counsel that he had fallen off a telephone pole ten years before. The Office of Judges further noted that Mr. Freeman denied having prior back problems but Mark Witkowski M.D.'s October 22, 2007, clearly indicates that Mr. Freeman complained of low back pain radiating down his right leg. The Office of Judges held that a preponderance of the credible evidence failed to establish that Mr. Freeman sustained a compensable injury to his back on April 29, 2011. The Board of Review reached the same reasoned conclusions in its decision of August 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II